**Ladonna JOSEPH, Appellant,**

v.

**BEAUMONT HOUSING AUTHORITY, Appellee.**

No. 09-02-325-CV.

Court of Appeals of Texas, Beaumont.

Submitted Feb. 11, 2003.

Delivered Feb. 20, 2003.

Steven E. Hollimon, Lone Star Legal Aid, Beaumont, for appellant.

C. Lynn Daughrity, Port Arthur, for appellee.

Before McKEITHEN, C.J., BURGESS and GAULTNEY, JJ.

## OPINION

PER CURIAM.

Beaumont Housing Authority (BHA) filed a forcible detainer action against Ladonna Joseph for possession of the premises, coupled with a claim for unpaid rent. The Justice Court found Joseph was entitled to possession and BHA was entitled to $600 in unpaid rent. BHA appealed to County Court at Law Number 1. BHA filed its appeal bond on March 18, 2002. Two days later, BHA entered into a new lease with Joseph. In July, the case was tried *de novo* to a jury. The jury found Joseph was in arrears $726.50 and a money judgment was entered against her for that amount. The trial court's judgment also granted BHA possession of the premises.

On appeal, Joseph does not complain of the money judgment. The issues raised on appeal concern whether the trial court erred in entering judgment for possession of the premises in favor of BHA. BHA's original petition asserted non-payment of rent under a lease executed in January of 2001. BHA did not amend its pleading after executing the new lease and no violation or breach under that lease was ever alleged. At the time of trial, Joseph was entitled to possession of the premises under the operative lease. Absent any evidence of breach of the March 2002 lease, the issue was not properly before the court. *See generally Minor v. Kilgore*, 38 S.W. 539 (Tex.Civ.App.1896). Therefore, we reverse and reform the trial court's judgment to reflect that the writ of possession be denied. Otherwise, the judgment of the trial court is affirmed.

Appellee's raise a cross-point in their brief regarding the amount of arrearage but failed to file a notice of appeal. Accordingly, we may not grant the relief requested. *See* Tex.R.App. P. 25.1(b)(c).

The judgment of the trial court is AFFIRMED AS REFORMED.